UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CRYSTAL BIELAKOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 10-11552-JGD |
| MICHAEL J. ASTRUE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF DECISION AND ORDER
ON DEFENDANT'S MOTION TO REMAND**

June 13, 2011

DEIN, U.S.M.J.

The defendant Commissioner of Social Security has moved under sentence four of 42 U.S.C. § 405(g) that this court enter a judgment of reversal and remand the case to the Commissioner. (Docket No. 16). The plaintiff opposes this motion. While agreeing that the ALJ erred in her decision, the plaintiff argues that instead of a remand, this court should order that benefits be paid to the plaintiff because the only medical evidence before the ALJ was that the claimant was disabled. This court finds that the record is not straightforward. Therefore, and for the reasons detailed herein, the Commissioner's motion to remand is ALLOWED.[1]

A court order to award benefits is appropriate only "in the unusual case in which the underlying facts and law are such that the agency has no discretion to act in any

---

[1] In light of this ruling, the Plaintiff's Motion to Reverse the Decision of the Commissioner (Docket No. 13) is Denied as Moot.

manner other than to award or to deny benefits. Put differently, if the evidence and law compelled one conclusion or the other, then the court could order an award of benefits or affirm a denial of benefits . . . . Conversely, if an essential factual issue has not been resolved, as here, and there is no clear entitlement to benefits, the court must remand for further proceedings." Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001).

In the instant case, the critical issue was whether Ms. Bielakowski's psychological condition was caused by a medical condition or from substance abuse. The medical expert who testified before the ALJ, Dr. Ira Hymoff, concluded that the claimant suffered from three mental impairments: bipolar disorder, anxiety related disorders – most likely PTSD – and a generalized persistent anxiety. Administrative Record (Docket No. 10) ("AR") at 57-58. The claimant also had a history of poly-substance addiction disorders. Id. at 58. The medical expert concluded that while the claimant's drug abuse "made a bad situation even worse," he believed that her medical impairments both preceded her substance abuse problems and existed even during significant periods of sobriety. Id. at 60-61. Consequently, he opined that her medical impairments met the "B criteria" listings. Id. at 59-60; 14.

The ALJ considered Dr. Hymoff's testimony, but "gave it little weight." Id. at 14. Specifically, the ALJ concluded that the factual assumptions on which Dr. Hymoff's opinions were based were not supported by the record. Id. Thus, while Dr. Hymoff had relied "on the unsubstantiated testimony of the claimant about her problems at school and psychiatric hospitalizations as an adolescent[,]" the plaintiff/claimant failed to provide

medical records about such hospitalizations after the hearing, despite having been invited to do so by the ALJ. Id. Moreover, the ALJ found that there was "considerable evidence of substance abuse throughout the relevant period, even when the claimant alleged being sober." Id. at 13. The specific evidence was reviewed in detail by the ALJ. Id. at 13-14. The ALJ was not bound to accept the medical expert's opinion if it was based on objectively faulty factual assumptions. See Wagner v. Astrue, 499 F.3d 842, 848 (8th Cir. 2007) ("The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole." (quotations and citation omitted)). Under such circumstances, this court cannot conclude that the claimant was "clearly" entitled to benefits, and a remand for additional findings is appropriate.

The plaintiff has requested that this court set deadlines by which the remand be concluded. While this court urges the prompt resolution of this matter, especially given the claimant's dire financial condition, this is not an appropriate case to attempt to impose any fixed deadlines for review. The record does not establish any egregious delay caused by the Secretary, and some of the delay was the result of the ALJ waiting for additional medical records which the plaintiff, ultimately, did not submit. "Absent unreasonable delay attributable to the Secretary, imposition of a time limit would be an unwarranted intrusion into matters relegated to a coordinate branch of government." Cruz v. Heckler, 626 F. Supp. 799, 801 (S.D.N.Y. 1985) (declining to set time limits on remand of denial of disability benefits). See also Heckler v. Day, 467 U.S. 104, 118, 104 S. Ct. 2249,

2257, 81 L. Ed. 2d 88 (1984) ("Congress has determined that it is inappropriate to subject disputed disability claims to mandatory deadlines."). Moreover, there is apparently another application for benefits which is being processed on behalf of the claimant with which the instant remand is likely to be combined. It was represented to the court that this process should also speed up the review.

For all these reasons, judgment shall hereby enter reversing the decision of the Social Security Administration denying the payment of benefits, and remanding the case to the Commissioner for further action pursuant to sentence four of 42 U.S.C. § 405(g). Presumably, the merits of the claimant's application will be addressed as expeditiously as possible on remand.

                                               / s / Judith Gail Dein
                                               Judith Gail Dein
                                               United States Magistrate Judge